IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACEDRIC W. JOHNSON,

    Petitioner,            No. CIV S-09-0064 GEB DAD P

    vs.

JAMES WALKER, Warden,        ORDER AND

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 11, 2009, the undersigned ordered respondent to file a response to the petition. On May 6, 2009, respondent filed the pending motion to dismiss, arguing that petitioner has failed to exhaust his claims by presenting them first to the highest state court. Petitioner has filed an opposition as well as a supplemental opposition to the motion. Respondent has not filed a reply.[1]

---

[1] On October 27, 2009, the court ordered respondent within ten days to submit for the court's consideration a copy of the habeas petition filed by petitioner with the California Supreme Court petition. Respondent failed to comply with the court's order or otherwise respond to it. Accordingly, on November 18, 2009, the court issued an order to show cause. On the same day, respondent filed a response to the court's order to show cause and a copy of petitioner's California Supreme Court petition. Good cause appearing, the court will discharge the order to show cause.

**BACKGROUND**

On August 2, 2006, petitioner received a Rules Violation Report ("RVR"), Log #S1-06-07-0393, charging him with Distribution/Controlled Substance. On October 18, 2006, the Senior Hearing Officer in charge found him guilty of that disciplinary charge and assessed him 180-days loss of credits. In his pending habeas petition, petitioner claims, inter alia, that prison officials denied him due process in connection with his prison disciplinary proceedings. (Pet. at 5-6, Pet'r's Brief in Support of Writ of Habeas Corpus at 3-19, Exs. C & D.)

**RESPONDENT'S MOTION TO DISMISS**

I. Respondent's Motion

Respondent has moved to dismiss the pending petition, arguing that petitioner has failed to exhaust his claims in state court as required. Specifically, respondent argues that the California Supreme Court never reached the merits of petitioner's claims as evidenced by its citation to the decisions in In re Swain, 34 Cal. 2d 300, 304 (1949) and People v. Duvall, 9 Cal. 4th 464, 474 (2005) in its order denying the state habeas petition. According to respondent, the cited cases stand for the proposition that a petitioner is required to plead with particularity the facts upon which he bases his request for relief. Respondent argues that the California Supreme Court's citation to these cases indicates that petitioner failed to provide sufficient facts to support his request for relief in his petition filed with that court. Accordingly, respondent concludes that petitioner failed to exhaust his state court remedies. (Resp't's Mot. to Dismiss at 2-4 & Ex. 1.)

II. Petitioner's Opposition

In opposition to respondent's motion to dismiss, petitioner argues that he has presented his claims to the California Supreme Court, thereby satisfying the exhaustion requirement. In addition, petitioner argues that he is proceeding pro se and the court must therefore construe his pleadings liberally and afford him any benefit of the doubt. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2 & Exs. A-C.) Finally, petitioner appears to argue that, if a state court's order denying habeas corpus relief is ambiguous, the order is inadequate in and of itself to

restrict federal habeas corpus review.  (Pet'r's Supp. Opp'n to Resp't's Mot. to Dismiss at 2.)

## ANALYSIS

I. <u>Exhaustion of State Court Remedies</u>

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims.  See <u>Rhines v. Weber</u>, 544 U.S. 269, 273-74 (2005) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982)); <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); <u>Farmer v. Baldwin</u>, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986)).  In general, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1).  A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court.  See <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1025 (9th Cir. 2008).  A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based.  See <u>Wooten</u>, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); <u>Lounsbury v. Thompson</u>, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting <u>Picard</u>, 404 U.S. at 276)); <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003), <u>overruled on other grounds by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143, 1146 (9th Cir. 2007); <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999); <u>see also</u> <u>Bland v. California Dep't of Corrs.</u>, 20

1  F.3d 1469, 1473 (9th Cir. 1994).

2  II. <u>Discussion</u>

3       In this case, the court finds that petitioner has fairly presented his federal claims to
4  the California Supreme Court.  Specifically, the petition filed by petitioner with the California
5  Supreme Court contains the same claims, legal theories, and alleged operative facts as his federal
6  petition pending before this court.  In fact, petitioner incorporates a copy of his claims and
7  arguments presented to the California Supreme Court as part of his federal petition.  He also
8  attached to his California Supreme Court petition the same supporting documents that he has
9  attached to his federal petition, including a copy of the RVR at issue in this action, copies of his
10 administrative appeals and the responses of prison officials thereto.

11      In this regard, having independently examined petitioner's California Supreme
12 Court petition, the court finds that the state high court clearly had a fair opportunity to pass on
13 each of petitioner's claims before he presented them to this federal court and that petitioner has
14 met the fair presentation requirement of the federal exhaustion standard.  <u>See</u> <u>e.g.</u>, <u>Kim v.</u>
15 <u>Villalobos</u>, 799 F.2d 1317, 1320 (9th Cir. 1986) ("The mere citation of <u>In re Swain</u> does not
16 preclude [federal habeas] review."); <u>Spence v. State of California</u>, No. CIV F-08-0045 AWI YNP
17 DLB (HC), 2009 WL 1949102 at *5 (E.D. Cal. July 6, 2009) (rejecting argument that petitioner
18 failed to exhaust his claims in state court based merely on the California Supreme Court's
19 citation to <u>Swain</u> and <u>Duvall</u> because petitioner plead his claims with reasonable particularity and
20 his arguments seemed quite clear); <u>Walker v. Tilton</u>, No. CIV F-07-1256 WWS, 2009 WL
21 1155663 at *3 (E.D. Cal. Apr. 29, 2009) (rejecting argument that petitioner failed to exhaust state
22 court remedies based on California Supreme Court's citation to <u>Swain</u> and <u>Duvall</u> because
23 petitioner's state petition "stated his claims for relief, the facts supporting the claims, and cited
24 specific provisions of the U.S. Constitution and relevant state and federal cases"); <u>Moore v.</u>
25 <u>Marshall</u>, No. EDCV 07-1481 MMM(CT), 2009 WL 363280 at *5-6 (C.D. Cal. Feb. 12, 2009)
26 (rejecting argument that petitioner failed to exhaust state court remedies based on California

Supreme Court's citation to Duvall because petitioner's state petition contained the same legal theories and operative facts as those in his federal petition); see also Davis v. Silva, 511 F.3d 1005, 1011 (9th Cir. 2008) (pro se state habeas petition read generously, as precedent demands, fairly presented both the legal theory and operative facts to the California Supreme Court thereby satisfying exhaustion requirement). Accordingly, the court concludes that respondent's motion to dismiss should be denied.

## CONCLUSION

IT IS HEREBY ORDERED that the court's November 18, 2009 order to show cause is discharged.

IT IS HEREBY RECOMMENDED that respondent's May 6, 2009 motion to dismiss (Doc. No. 13) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 7, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john0064.157