IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACEDRIC W. JOHNSON,

    Petitioner,                        2: 09 - cv - 0064 - GEB TJB

   vs.

JAMES WALKER,

    Respondent.                   <u>ORDER, FINDINGS AND</u>

                                            <u>RECOMMENDATIONS</u>

_____/

I. INTRODUCTION

      Petitioner, Lacedric W. Johnson, is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the loss of 180 days worktime credit following a prison disciplinary proceeding where he was found guilty of distribution of a controlled substance. Petitioner raises several claims in his federal habeas petition; specifically: (1) his constitutional rights were violated when he was tortured and subject to excessive use of force when prison authorities used a four-point restraint against him ("Claim I"); (2) his due process rights were violated when the investigative employee assigned to his case refused to provide information on the four-point restraint procedure and failed to seek out a potential witness on his disciplinary charge ("Claim II"); (3) his due process rights were violated

1

when he was denied the right to call witnesses and present documentary evidence at the disciplinary hearing ("Claim III"); and (4) his assigned investigative employee "failed to, investigate, prepare and explain the disciplinary process and represent Petitioner position at the rules violation hearing" (Pet'r's Pet. at p. 20.) ("Claim IV").  Petitioner also requests an order to show cause and the appointment of counsel.  For the following reasons, Petitioner's requests are denied and it is recommended that his habeas petition be denied.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

According to the Rules Violation Report (RVR), after Petitioner used the toilet on July 29, 2006, an intensive observation officer (Marquez) searched Petitioner's feces and discovered latex bindles.  The RVR explained that Johnson told the officer that "the bindles contained 'marijuana' 'crystal meth' and black tar 'heroin.'" (Resp't's Answer, Ex. 1 at p. 37.)  The bindles were subsequently tested and determined to contain controlled substances including amphetamines, marijuana, cocaine and heroin.  (See id. at p. 49.)  Petitioner was assigned an investigative employee pursuant to CCR, Title 15, § 3315(d)(1)(A) and a staff assistant pursuant to CCR, Title 15, § 3315(d)(2)(A).  (See id. at p. 39.)

Petitioner appeared before the senior hearing officer (SHO) at a disciplinary hearing on September 24, 2006.  The SHO found Petitioner guilty of distribution of a controlled substance.  The SHO cited the officer's finding of the latex bindles in Petitioner's feces as well as Petitioner's partial admissions of guilt to the officer.  The SHO's determined that Petitioner would forfeit 180 days of worktime credits.  (See id. at p. 41.)

Petitioner filed a state habeas petition in the California Superior Court, County of Solano in June 2008.  That court denied the state habeas petition.  Petitioner then filed a petition to the California Court of Appeal which summarily denied the petition without discussion.  Subsequently, the California Supreme Court denied Petitioner's petition on November 19, 2008 citing In re Swain, 34 Cal. 2d 300, 304 (1949), People v. Duvall, 9 Cal. 4th 464, 474 (1995) and In re Dexter, 25 Cal. 3d 921 (1979).

Petitioner filed this federal habeas in January 2009.  Respondent moved to dismiss the petition arguing that Petitioner failed to exhaust his state court remedies.  On January 21, 2010, Respondent's motion to dismiss was denied.  Subsequently, Respondent answered the petition and Petitioner filed a traverse.

### III.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can only be granted for violations of the Constitution or laws of the United States.  See 28 U.S.C. § 2254(a); see also Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies.  See Lindh v. Murphy, 521 U.S. 320, 326 (1997).  Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.  See 28 U.S.C. 2254(d).

If a state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a *de novo* review of a petitioner's habeas claims.  See Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008).  As previously stated, it has already been determined by this Court that Petitioner exhausted his Claims.  In denying Petitioner's state habeas petition, the California Supreme Court cited to In re Swain, 34 Cal. 2d 300, Duvall, 9 Cal. 4th 464, 474 and In re Dexter, 25 Cal. 3d 921.  The holdings of these cases concern procedural grounds, thus, the California Supreme Court did not adjudicate Petitioner's Claims on the merits. See Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004) (holding that "a state has 'adjudicated' a petitioner's claims 'on the merits' for purposes of § 2254(d) when it has decided

3

the petitioner's right to post conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review of the merits"). As there was not a merits adjudication by the California Supreme Court, Petitioner's claims will be reviewed *de novo*. See Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) ("[W]hen it is clear that a state court has not reached the merits of a properly raised issue, we must review it *de novo*.").

IV.  PETITIONER'S CLAIMS FOR REVIEW

A. Claim I

In Claim I, Petitioner raises several arguments concerning the nature of the prison staff's investigation after it was determined that he was purportedly concealing "contraband in torso on 7/23/06." (Pet'r's Pet. at p. 11.) Most specifically, Petitioner objects to the prison staff's use of a "4-point restraint" against him during their investigation.

Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. See Hill v. McDonough, 547 U.S. 573, 579 (2006). "Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition." Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (stating that habeas corpus proceedings are the proper method to challenge the legality or duration of confinement whereas a civil rights action is the proper method of challenging the conditions of confinement).

In Claim I, Petitioner challenges the conditions of his confinement during the prison's investigation. The proper method to pursue such a Claim by Petitioner is through a civil rights action, not through habeas. Therefore, Petitioner is not entitled to federal habeas relief on Claim I.

B. Claim II

In Claim II, Petitioner makes two arguments. First, he asserts that the investigative

employee assigned to his case violated his due process rights when he failed to obtain a copy of the prison's procedure for using a 4-point restraint. (See Pet'r's Pet. at p. 16.) This argument does not relate to Petitioner's length of or validity of confinement. Instead, it relates to his conditions of confinement argument as stated in supra Part IV.A. Thus, this argument does not warrant federal habeas relief.

Next, Petitioner asserts that the investigative employee assigned to his case failed to seek out a potential witness. Petitioner later identifies this purported witness as "C/O Lopez." (See Pet'r's Traverse at p. 6.) In his traverse, Petitioner alludes to the fact that Lopez apparently replaced female officer Marquez while Petitioner was defecating because Marquez was female. However, Petitioner admitted in his Petition that he defecated in the presence of Marquez on July 29, 2006. (See Pet'r's Pet. at p. 11 ("While on 'intensive observation', Petitioner defecated on July 29, 2006 in the presence of N. Marquez.")) The investigative employee's report also indicated that Petitioner was asked if he wanted any other staff questioned and/or present at the hearing pertaining to this case to which Petitioner said "No." (Resp't's Answer, Ex. 1 at p. 43.)

At the outset, to the extent that the Petitioner asserts that the disciplinary proceedings were not in compliance with various provisions of the California Penal Code as well as state and correctional code regulations, his arguments are not cognizable in this federal habeas petition. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (stating that it is not the province of a habeas court to examine state law questions). Next, where a prison disciplinary hearing may result in the loss of earned good time or behavior credits, due process requires that the inmate receive certain procedural protections. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary] committee." Id. Third, "there must be a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action."

5

Id. (internal quotation marks and citation omitted).  Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  Id. at 566.  Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from [a]n . . . inmate designated by the staff."  Id. at 570.  Thus, under Wolff, prison officials must allow prisoners to seek assistance from fellow inmates or prison staff if the inmate is illiterate or where the factual issues are so complex that the inmate requires assistance in collecting and presenting evidence. Id.

The record in this case shows that Petitioner did not request any witnesses at his disciplinary hearing.  (See Resp't's Answer, Ex. 1 at p. 40, 43)  Petitioner pleaded not guilty and stated that he will "save my statement for the courts."  (Id. at p. 39.)  Furthermore, the Supreme Court has explained that:

> [t]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  The standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ."  United States ex rel. Vajtauer v. Comm'r of Immigration, 273 U.S. [103] at 106 (1927).  Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) (citations omitted).  For the reasons outlined in infra Part IV.C.iii, the SHO had some evidence to support his finding.  Thus, pursuant to Hill, Petitioner's due process rights were satisfied.

Additionally, even if Petitioner did in fact request that the investigative employee should have interviewed and investigated Lopez as a possible witness (even though this argument is

contrary to the record), and such a claim rises to the level of a constitutional claim, Petitioner has not shown prejudice so as to justify federal habeas relief. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also Tien v. Sisto, Civ. No. 07-2436, 2010 WL 1236308, at *4 (E.D. Cal. Mar. 26, 2010) ("While neither the United States Supreme Court or the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding.") (citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir. 2009); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992); Poon v. Carey, No. Civ. S-05-0801 JAM EFB P, 2008 WL 5381964, at *5 (E.D. Cal. Dec. 22, 2008); Gonzalez v. Clark, No. 1:07-CV-0220 AWI JMD HC, 2008 WL 4601495, at *4 (E.D. Cal. Oct. 15, 2008)). Petitioner has not shown what Lopez's testimony would have been or how his testimony would have rebutted the evidence relied upon by the SHO in finding Petitioner guilty of the infraction. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). As previously stated, Petitioner admitted in his petition that Marquez was present while he was defecating on July 29, 2006. He has not shown that Lopez's testimony would have changed anything found within the RVR. Therefore, for the reasons outlined above, Petitioner is not entitled to federal habeas relief on Claim II.

   C.   Claim III

In Claim III, Petitioner raises several separate arguments; specifically: (a) Petitioner had no documentary or witnesses to present due to the staff investigator's failure to perform his duties such that the SHO violated Petitioner's due process rights by continuing with the disciplinary hearing even after Petitioner informed the SHO of an available witness and documentary evidence; (b) the SHO was biased; and (c) the SHO could not have found Petitioner guilty based on the evidence presented. Each of these arguments is considered in turn.

i. SHO's denial of request for witness and documentary evidence

With respect to Petitioner's first argument, Petitioner asserts that the SHO erred in continuing with the hearing after Petitioner explained to him that he had a possible witness and documentary evidence. While he does not specifically cite to a particular witness or documents he wished to present, reading the petition liberally, it appears that Petitioner is claiming that the SHO erred in not allowing him to call Lopez as a potential witness. First, this conclusory statement by Petitioner that he requested Lopez as a witness is contrary to the record. (See Resp't's Answer, Ex. 1 at p. 40 ("Johnson did not choose to have any witnesses present at his disciplinary hearing.").) Second, for the reasons discussed infra Part IV.C.iii, Petitioner's due process rights were not violated because the SHO had some evidence to support his findings. Third, as previously stated, Petitioner failed to show any prejudice suffered by Lopez not testifying. Thus, this argument does not merit federal habeas relief.

ii. SHO's Bias

Next, Petitioner states that the SHO was biased. (See Pet'r's Pet. at p. 18 ("Petitioner was denied the right to have a full and fair hearing by an unbiased hearing officer.").) A hearing conducted by a biased hearing officer may violate a prisoner's due process rights. See, e.g., Wolff, 418 U.S. at 571. To support a claim of bias, the petitioner must demonstrate actual bias or the appearance of bias. See Taylor v. Hayes, 418 U.S. 488, 501 (1974). Bias cannot be shown from an adverse ruling in a pending case, rather the alleged bias must be from an extrajudicial source. See Larson v. Palmateer, 515 F.3d 1057, 1067 (9th Cir. 2008).

Petitioner presents no evidence that the SHO was biased aside form his own subjective belief. Without any other evidence, this does not give rise to an appearance of bias. Accordingly, Petitioner is not entitled to federal habeas relief on this argument.

iii. Lack of Evidence to Support a Guilty Finding

Finally, Petitioner asserts that the SHO could not find Petitioner's guilty based on the evidence presented. As previously stated, the disposition of a prison disciplinary hearing must be

8

supported by "some evidence" in the record. See Hill, 472 U.S. at 455.  The "some evidence" standard is "minimally stringent " and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder.  See Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994) (citing Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987)). Determining "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence." Hill, 472 U.S. at 455-56.  Furthermore, "[r]evocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context." Id. at 456.

Petitioner claims that there was insufficient evidence to support the SHO's guilty finding of distribution of a controlled substance.  On the facts of this case, the evidence relied upon by the SHO to find Petitioner guilty of the rule violation of distribution of a controlled substance was sufficient so as to not violate the Due Process Clause.  Specifically, the SHO made the following findings to support his conclusion:

> The Rules Violation Report dated 07-29-06, authored by Correctional Officer Marquez, which states in part:  Following Johnson's use of the toilet I collected and searched his feces, which contained two latex bindles.  One was red and the other yellow which were about 1 ½ inches in diameter.  Johnson then stated he had two more bindles.  At approximately 1040 hours, Johnson used the toilet again and a search of the feces resulted in two more latex bindles being recovered.  One bindle was blue in color and measured 3 inches in length and 1 ½ inches in diameter.  Johnson stated that the bindles contained marijuana, crystal meth, and black tar heroin.
> Subject's partial admission of guilt, stating "I have two more balloons."  He stated that the balloons contained marijuana, heroin, and crystal meth during the contraband watch, by spontaneous statement to Correctional Officer Marquez as stated in the 115 initial copy . . .
> The substantiation of distribution is that the drugs were wrapped in bindles, brought through visiting with the intention of distributing them to other inmates on the facility and the various kinds of drugs that were in the balloons.

(See Resp't's Answer, Ex. 1 at p. 40.)  The disciplinary hearing disposition must be upheld if

9

there is any reliable evidence in the record to support the conclusion of the factfinder. For the reasons cited by the SHO, there was "some evidence" to support the guilty finding. Thus, Petitioner is not entitled to federal habeas relief on this argument.

### D. Claim IV

Finally, Petitioner asserts that his staff assistant failed to investigate, prepare and explain the disciplinary process to him in violation of the correctional rules. First, Petitioner's argument appears to be premised on state law, and therefore does not merit federal habeas relief. See Estelle, 502 U.S. at 67-68. Additionally, the record indicates that the prison assigned Petitioner a staff assistant. The RVR indicated that "Officer Liu was the Staff Assistant and fully explained the CDC-115 process." (Resp't's Answer, Ex. 1 at p. 39.) Thus, to the extent that this Claim asserts a due process violation, Petitioner's conclusory allegation does not merit federal habeas relief and is belied by the record. Furthermore, Petitioner was assigned an investigative employee who interviewed Petitioner and sought to investigate Petitioner's case. (See Resp't's Answer, Ex. 1 at p. 42-43.) Thus, Petitioner is not entitled to federal habeas relief on Claim IV.

## V. PETITIONER'S REQUESTS

### A. Request for an Order to Show Cause

Petitioner requests "an order to show cause" in his request for relief. (See Pet'r's Pet. at p. 24.) Respondent answered the Petition on February 5, 2010. Accordingly, Petitioner's request for an order to show cause is denied as moot.

### B. Request to Appoint Counsel

Petitioner also requests the appointment of counsel. There currently exists no absolute right to the appointment of counsel in habeas proceedings. See, e.g., Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." In the present case, the interests of justice do not so require to warrant the appointment of counsel. Accordingly, Petitioner's request for the appointment of counsel is denied.

## VI.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's request for an order to show cause is DENIED AS MOOT; and

2. Petitioner's request for the appointment of counsel is DENIED.

IT IS HEREBY RECOMMENDED that Petitioner's Petition for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  November 1, 2010

TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE